UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VENICE KING and MARCUS KING,　　　　　　　　Case No. 23 CV 9096 (BMC)
　　　　　　Plaintiffs,

　　-against-

　　　　　　　　　　　　　　　　　　　　　　　　**AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. TYLER A. HOWE
[TAX REG. #961822], P.O. ASHLEY ORDONEZ [TAX　　JURY DEMAND
REG. #972838], P.O. MICHAEL A. CRICHLOW [TAX
REG. #960083], P.O. FAISAL N. ELWAN [TAX REG.
#968390], SERGEANT JOANNA B. BARLETTA [TAX
REG. #951523], P.O. LENNY ESTEVEZ [TAX REG.
#951720], P.O. MICHAL JALBRZYKOWSKI [TAX
REG. #959710], P.O. ANTONINO DANGELO [TAX
REG. #963477], P.O. MICHAEL B. GRATEREAUX
[TAX REG. #972667], P.O. JESSE L. TRAP [TAX
REG. #960033], and JOHN DOE AND JANE DOE
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),
　　　　　　Defendants.
-----------------------------------------------------------------------X


Plaintiffs, VENICE KING and MARCUS KING, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Tyler A. Howe [Tax Reg. #961822], P.O. Ashley Ordonez [Tax Reg. #972838], P.O. Michael A. Crichlow [Tax Reg. #960083], P.O. Faisal N. Elwan [Tax Reg. #968390], Sergeant Joanna B. Barletta [Tax Reg. #951523], P.O. Lenny Estevez [Tax Reg. #951720], P.O. Michal Jalbrzykowski [Tax Reg. #959710], P.O. Antonino Dangelo [Tax Reg. #963477], P.O. Michael B. Gratereaux [Tax Reg. #972667], P.O. Jesse L. Trap [Tax Reg. #960033], and John Doe and Jane Doe (collectively, "defendants"), respectfully allege as follows:

NATURE OF THE ACTION

1.　　This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. Plaintiffs, husband and wife, are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant P.O. Tyler A. Howe [Tax Reg. #961822] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant P.O. Ashley Ordonez [Tax Reg. #972838] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

12. Defendant P.O. Michael A. Crichlow [Tax Reg. #960083] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant P.O. Faisal N. Elwan [Tax Reg. #968390] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14. Defendant Sergeant Joanna B. Barletta [Tax Reg. #951523] was at all times material herein a sergeant employed by the NYPD. She is named here in her official and individual capacities.

15. Defendant P.O. Lenny Estevez [Tax Reg. #951720] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16. Defendant P.O. Michal Jalbrzykowski [Tax Reg. #959710] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17. Defendant P.O. Antonino Dangelo [Tax Reg. #963477] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

18. Defendant P.O. Michael B. Gratereaux [Tax Reg. #972667] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

19. Defendant P.O. Jesse L. Trap [Tax Reg. #960033] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

20. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

21. Defendants Howe, Ordonez, Crichlow, Elwan, Barletta, Estevez, Jalbrzykowski, Dangelo, Gratereaux, Trap, and John Doe and Jane are collectively referred to herein as "defendant officers".

22. At all times material to this Complaint, the defendant officers acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23. On or about September 10, 2022, at approximately 9:00 p.m., defendant officers, acting in concert, assaulted and unlawfully detained the plaintiffs and, ultimately, arrested plaintiff Marcus King ("Marcus") without cause at or within the vicinity of 658 Grand Street, Brooklyn, New York, and charged him with N.Y. PL 265.02(1) 'Criminal possession of a weapon in the third degree', N.Y. PL 205.03 'Resisting arrest', N.Y. PL 120.14(1) 'Menacing in the second degree', and N.Y. PL 120.00(1) 'Assault in the third degree'.

24. However, plaintiffs did not commit any offense against the laws of New York City and/or State.

25. Prior to the arrest and encounter, the plaintiffs were having a date night and had purchased takeout food from a nearby restaurant.

26. As they were walking down the street, defendant officers ran up to them and forcibly grabbed them.

27. Fearing for their lives, plaintiffs promptly inquired as to what was going on.

28. Defendant officers ignored plaintiffs' inquiries and, instead, proceeded to push, beat, hit, kick, and punch the plaintiffs with their fists, legs, and objects.

29. At some point, defendant officers forcibly slammed plaintiff Marcus down on the floor punching, kicking, cursing, screaming, and yelling at him.

30. Defendant officers proceeded to hold down plaintiff Marcus pinning him facedown with their hands and knees.

31. Eventually, plaintiff Marcus was tightly handcuffed by defendant officers with his hands placed behind his back causing him to experience pain and numbness in his hands.

32. Plaintiff Marcus complained that the handcuffs were too tight and were causing him to experience pain and numbness.

33. Plaintiff Marcus pleaded with defendant officers to remove or loosen the handcuffs.

34. Defendant officers ignored the plaintiff's entreaties to remove or loosen the handcuffs.

35. Plaintiffs were caused to sustain serious injuries on various parts of their bodies.

36. Defendant officers subjected the plaintiffs to illegal and unlawful search.

37. Defendant officers' illegal search of the plaintiffs did not yield any contraband.

38. Eventually, defendant officers placed plaintiff Marcus inside their police vehicle and transported him to NYPD-90th Precinct.

39. While at the precinct, defendant officers further subjected plaintiff Marcus to illegal and unlawful search.

40. Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

41. Nonetheless, defendant officers continued to detain plaintiff Marcus at the precinct.

42. Defendant officers refused to provide plaintiff Marcus with any food and/or drink.

43. Plaintiff Marcus requested defendant officers to transport him to the hospital for treatment of his injuries.

44. Defendant officers refused plaintiff Marcus' entreaties.

45. Plaintiff Venice was forced to travel to the precinct to inquire about her husband and attempt to stay close to him and cater for him and his wellbeing.

46. Eventually, plaintiff Marcus was transported to the hospital after his condition had worsened.

47. While at the hospital, defendant officers lied to the treating physicians and informed them that plaintiff Marcus was drunk and sustained self-inflicted injuries from banging his head on the wall.

48. Plaintiff Marcus ended up not receiving any treatment at the hospital thereby further worsening his condition.

49. After detaining plaintiff Marcus at the precinct for a lengthy period of time, he was transported to Central Booking to await arraignment.
50. Plaintiff Venice was also forced to travel to the Central Booking and/or the courthouse to await plaintiff Marcus' arraignment.
51. At some point following the arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.
52. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff Marcus assaulted his wife, plaintiff Venice, threatened to kill innocent bystanders, was in possession of a weapon, and resisted a lawful arrest.
53. Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against plaintiff Marcus.
54. On or about September 11, 2022, plaintiff Marcus was arraigned on a criminal court complaint sworn to by defendant officers falsely charging him with N.Y. PL 120.00(1) 'Assault in the third degree', N.Y. PL 120.14(1) 'Menacing in the second degree', N.Y. PL 195.05 'Obstructing governmental administration in the second degree', N.Y. PL 265.01(2) 'Criminal possession of a weapon in the fourth degree', N.Y. PL 110.00/120.00(1) 'Attempted assault in the third degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26(1) 'Harassment in the second degree'.
55. Upon arraignment, plaintiff Marcus was released on his own recognizance but was required to return to the criminal court on multiple occasions to defend the false charges levied against him.
56. An order of protection was also issued against plaintiff Marcus prohibiting him from, among other things, entering and/or staying in his own home, seeing his wife and family, and communicating with his wife and family.
57. Plaintiffs were caused to suffer loss of consortium because of the conduct of the defendants.
58. Plaintiffs were caused to lose their jobs because of the conduct of the defendants.

59. Plaintiff Marcus subsequently appeared in criminal court on multiple occasions to defend the false charges levied against him.

60. On or about December 12, 2022, after multiple appearances in the criminal court, the false charges levied against plaintiff Marcus were summarily dismissed and the order of protection was vacated.

61. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

62. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

63. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of love, companionship, affection and sexual relations, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

64. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

65. Defendant officers arrested the plaintiffs without probable cause or reasonable grounds.

66. The conduct of defendant officers, as described herein, amounted to false arrest.

67. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

69. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

70. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against plaintiff Marcus.

71. Plaintiff Marcus was required to, and did, appear in court on numerous occasions to defend the false charges levied against him with malice by defendants.

72. Eventually, the proceeding(s) terminated in favor of plaintiff Marcus.

73. Because of the conduct of the defendants, plaintiff Marcus was maliciously prosecuted for a lengthy period of time.

74. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

75. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

76. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

77. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

78. Defendant officers manufactured evidence of criminality against plaintiff Marcus likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against him.

79. In addition to other things, defendant officers falsely stated to the prosecutors that plaintiff Marcus, among other things, assaulted plaintiff Venice, threatened to kill innocent bystanders, was identified by an eyewitness, was in possession of a weapon, and resisted a lawful arrest.

80. Plaintiffs were deprived of their liberty as a result.

81. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

82. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

83. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

84. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

85. Defendant officers unlawfully stopped and subjected the plaintiffs to illegal search of their person and property.

86. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

87. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

88. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

89. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

90. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was known or should have been known that plaintiffs were entitled to release.

91. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

92. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

93. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

94. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

95. The conduct of defendant officers, as described herein, amounted to excessive use of force.

96. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

97. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

98. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

99. Defendant officers denied plaintiff Marcus the treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to his need for medical treatment and care.

100. Eventually, after his conditions had worsened, defendants transported plaintiff Marcus to the hospital but still sought to minimize and trivialize his injuries and falsely informed the treating physicians that his injuries were self-inflicted during a drunken fit.

101. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

102. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

103. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

104. Defendant officers routinely engage in racial profiling and were motivated in arresting and assaulting the plaintiffs simply because plaintiff Marcus is black and plaintiff Venice is of Hispanic descent.

105. Defendant officers do not arrest, assault, or profile similarly situated white people who engaged in similar conduct as the plaintiffs. For example, defendants do not arrest, assault, or profile similarly situated white couples holding hands and walking down the street.

106. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

107. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## NINTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

108. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

109. Defendant officers assaulted and arrested the plaintiffs and maliciously prosecuted plaintiff Marcus in retaliation for questioning their conduct on September 10, 2022.

110. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

111. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## TENTH CAUSE OF ACTION: DENIAL OF RIGHT TO INTIMATE FAMILIAL ASSOCIATION - against defendant officers

112. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

113. Defendant officers intentionally lied to the prosecutors causing the prosecution of plaintiff Marcus and the issuance of the order of protection separating him from his wife and family.

114. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

115. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: MALICIOUS ABUSE OF PROCESS - against defendant officers

116. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 110 of this complaint as though fully set forth herein.

117. Defendant officers caused a legal process to issue against plaintiff Marcus to punish plaintiffs for questioning their conduct on September 10, 2022 and to force the plaintiffs to expend their time and resources in defending the false charge(s) levied against plaintiff Marcus.

118. Plaintiff Marcus was detained for a lengthy period of time because of the false charge(s) levied against him with malice by defendants.

119. Because of the conduct of the defendants, plaintiffs were forced to expend their time and resources in defending the false charge(s) levied against plaintiff Marcus.

120. Ultimately, the charges against plaintiff Marcus were summarily dismissed.

121. The conduct of defendant officers, as described herein, amounted to malicious abuse of process.

122. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

TWELFTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

123. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

124. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that the plaintiffs did not

commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

125. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

126. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

127. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

128. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

129. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, assaulting, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups, such as plaintiffs, on the pretext that they were involved in crimes.

130. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

131. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

132. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in

133. unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

133. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop, frisk, search, assault, and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiffs, in order to arrest and maliciously prosecute them. *See, e.g., Bryan Torres. v. City of New York* (Index No. 505538/2022); *Lealton Briggs v. City of New York* (Index No. 501987/2022); *Bryan Ackwood v. City of New York* (21 CV 50); *Jose Diaz v. City of New York* (Index No. 501168/2021); *Joel Soto v. City of New York* (Index No. 503903/2021).

134. Defendant City has equally determined that the defendant officers, among other things, make false statements, make unlawful entry into premises, and perform unlawful searches of individuals who are members of racial/ethnic minority groups, such as the plaintiff.

135. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-90th Precinct alleging, among other things, that the police officers unlawfully stopped and frisked, assaulted, and falsely arrested the plaintiffs without probable cause.

136. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely stop, search & seize, fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens particularly individuals who are members of racial/ethnic minority groups, such as the plaintiff.

137. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, unreasonably detained her, and abused and/or assaulted the plaintiff.

138. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

139. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

140. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>FOURTEENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendant officers</u>

141. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 135 of this complaint as though fully set forth herein.

142. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

143. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

144. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

145. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

<u>FIFTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants</u>

146. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 140 of this complaint as though fully set forth herein.

147. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

148. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SIXTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants</u>

149. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

150. By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained injuries with the accompanying pain.

151. The conduct of the defendants, as described herein, amounted to assault and battery.

152. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

153. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 147 of this complaint as though fully set forth herein.

154. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

155. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: TORTS (LOSS OF CONSORTIUM) - against defendants

156. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 150 of this complaint as though fully set forth herein.

157. Because of the conduct of defendant officers, as described herein, plaintiffs suffered, and still suffer, loss of the services of each other including, but not limited to, household services such as cooking, cleaning, as well as loss of love, comfort, companionship, affection and sexual relations, disposition and temperament.

158. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINETEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

159. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 153 of this complaint as though fully set forth herein.

160. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

161. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention, and imprisonment by defendants.

162. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWENTIETH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

163. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 157 of this complaint as though fully set forth herein.

164. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

165. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

166. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

167. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

168. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

169. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

   a. For compensatory damages against all defendants in an amount to be proven at trial;

   b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

   c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

   d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       May 14, 2024

UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
    Ugochukwu Uzoh
    Attorney for the Plaintiffs
    56 Willoughby Street, Third Floor
    Brooklyn, N.Y. 11201
    Tel. No: (718) 874-6045
    Fax No: (718) 576-2685
    Email: u.ugochukwu@yahoo.com